414 P.2d 92

Patricia Maughn JEPPSON, Plaintiff and Appellant,

v.

Saylor JEPPSON, Defendant and Respondent.

No. 10452.

Supreme Court of Utah.

May 10, 1966.

W. Eugene Hansen, Salt Lake City, for appellant.

Hanson & Baldwin, Rex J. Hanson, Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from a judgment modifying a decree in a divorce action relating to custody of three children. Affirmed. Costs to defendant.

The divorce was in 1962. The custody of three children, then aged 7, 6 and 2, the two youngest being girls, the eldest a boy, who is now past 12, was awarded to Mrs. J. About 16 months later Mr. J. remarried and Mrs. J., two days later was escorted to the altar by one Schroeder. She left Utah and now lives in California, which made it virtually impossible for Mr. J. to see his children under the decree and visitation privileges awarded.·

While in California Mrs. J. permitted the boy to come live with Mr. J. and he stayed for more than a year, when one petition for modification of custody was granted, followed by another, the judgment based thereon being the subject of this appeal.

As frequently happens under such circumstances the maternal and paternal affections of the litigants apparently turn not only to stone but to disaffection for each other,—not affection for the kids. ·Thereafter the innocents sometimes are in a vise where both erstwhile.loving spouses turn the crank, forgetting where their offspring are in their zeal to toss opprobrious epithets at one another. This seems to be the atmosphere here. Meanwhile the kids, as usual, quietly look on with heartache and

remorse—and perhaps disillusionment, that could and sometimes does lead to more than one case of delinquency. It is a shame that our law does not have a provision where a child victim of a broken home, born of dissident parents, could order the parents into court to show cause why the latter should not be parentally disenfranchised.

We think the trial court acted with consummate wisdom here. It provides for Mrs. J. to have custody of the two little girls for most of the year, and for Mr. J. to have custody of the boy, now past 12, for most of the year without having to visit his mother and dislike Schroeder, except for a relatively short time, and giving Mr. J. the privilege of visiting with the little girls for about the same time without having to dislike both his ex-wife and Schroeder to boot.

The basis of this appeal is that the trial court departed from a sound and reasonable discretion in doing what he did. He has no reputation for flight from such discretion, and the record hardly bears out such contention. Having talked to the boy who apparently was happy with the status quo, coupled with a dislike for Schroeder, and having heard others appearing before him, giving him a better opportunity to appraise those things that involved the best interest of these children we are hesitant to upset his ruling,—and don't.

This case may not be one of those, but possibly points up one of the saddest socio-economic situations in America,—the broken home,—where after conception and birth of children who did not ask to come here, the parents then incubate, not children, but potential social misfits.

McDONOUGH, WADE, and CALLISTER, JJ., concur.

CROCKETT, Justice, concurs in the result.